*FEDERAL PUBLIC DEFENDER*
*Southern District of Texas*
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1669

| | |
|---|---|
| **FEDERAL PUBLIC DEFENDER:**<br>  MARJORIE A. MEYERS | **Telephone:**<br>713.718.4600 |
| **FIRST ASSISTANT:**<br>  MICHAEL L. HERMAN | **Fax:**<br>713.718.4610 |

January 11, 2022

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

**Re: *United States v. Andres Vargas*, No. 21-20140; Rule 28(j) Letter**

Dear Mr. Cayce:

This letter concerns two recent decisions addressing issues relevant to those raised in this appeal: (1) *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (*en banc*); and (2) *United States v. Campbell*, —F.4th—, 2022 WL 71824 (4th Cir. Jan. 7, 2022).

Mr. Vargas noted in his reply brief (at 17 n.5) that the Third Circuit's original *en banc* decision in *Nasir*—holding, in pertinent part, that the commentary purporting to expand USSG § 4B1.2(b) to cover inchoate "controlled substance offenses" was not entitled to judicial deference after *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019)—had been vacated and remanded on other grounds by the Supreme Court. The Third Circuit has since issued its remand decision, reinstating the above holding in full and reiterating that it enjoyed unanimous support among the 16 judges on the *en banc* panel. *See Nasir*, 17 F.4th at 462-63 & n.1, 468-72.

In *Campbell*, a panel of the Fourth Circuit reached the same conclusion. *See Campbell*, 2022 WL 71824, at *4-*9. Four holdings are particularly relevant here.

*First*, the court held, as Mr. Vargas has argued, that the inchoate-offense commentary is inconsistent with the plain text of Section 4B1.2(b), and thus is not entitled to deference. *Id.* at *4, *7.

*Second*, the court held, as Mr. Vargas has argued, that *Kisor* "limited when courts will afford" deference to agency interpretations of their own regulations, and that *Kisor*'s "modifications" to the deference standard "apply equally" to judicial interpretations of Guidelines commentary. *Id.* at *5 & n.3.

*Third*, as Mr. Vargas has argued vis-à-vis prior Fifth Circuit decisions, the court held that its prior decisions addressing only "the *statutory authority* to add inchoate offenses" to Section 4B1.2(b) had not resolved the question whether courts should defer to the Commission's decision "to do so through Commentary alone." *Id.* at *7 (original emphasis).

*Fourth*, the court held, as Mr. Vargas has argued, that even if those decisions had resolved the deference question, "*Kisor* would have at the very least undermined those cases' holdings" such that the *Campbell* panel was not bound by them. *Id.*

Sincerely,

s/ *Evan G. Howze*
EVAN G. HOWZE
Assistant Federal Public Defender
Counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that on January 11, 2022, this Rule 28(j) letter was served upon counsel for appellee, Assistant United States Attorney Audrey Lynn Maness, via electronic filing.

s/ *Evan G. Howze*
EVAN G. HOWZE