

**U.S. Department of Justice**
United States Attorney
Southern District of Texas

| | |
|---|---|
| *1000 Louisiana Street, Suite 2300* | *Telephone: (713) 567-9102* |
| *Houston, Texas 77002* | *Fax: (713) 718-3302* |

March 4, 2022

The Hon. Lyle W. Cayce, Clerk
United States Court of Appeals
for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:    *United States v. Vargas,* No. 21-20140
       Letter under Fed. R. App. P. 28(j)

Dear Mr. Cayce:

Pursuant to Fifth Circuit Rule 28.4 and Federal Rule of Appellate Procedure 28(j), the United States brings to the Court's attention *United States v. Lagos*, No.20-20283, 25 F.4th 329 (5th Cir. Feb. 7, 2022). The Court there applied the standard announced in *Stinson* without reservation, explaining that, when calculating loss resulting from fraud:

> The Guidelines' official Commentary—which "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, the guideline" to which it relates—makes this abundantly clear: the district "court need only make a reasonable estimate of the loss," and that "determination is entitled to appropriate deference."

*Lagos*, 20-20283 at slip op. 6-7 (citing *United States v. Stinson*, 508 U.S. 36, 38 (1993) and U.S.S.G. § 2B1.1, comment. n.3(C)).

And in *United States v. Moses*, 23 F.4th 347, 356 (4th Cir. Jan. 19, 2022), the Fourth Circuit explained the unique role of the Sentencing Commission and then determined that "*Kisor*, considered on its own terms, does not apply to the Sentencing Commission's official commentary in the Guidelines Manual." The court also found it "noteworthy that *Kisor* did not purport to overrule *Stinson*, and it is not our role to say it did," before concluding

that the Guidelines commentary is authoritative and binding, regardless of whether the relevant Guideline is ambiguous, except when the commentary "violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of," the Guideline. And having concluded that *Stinson* continues to provide "the standard that governs the decision whether particular interpretative or explanatory commentary is binding," we readily conclude that Application Note 5(C) is owed controlling deference.

*Id.* at 357 (quoting *Stinson*, 508 U.S. at 38, 43). *Lagos* and *Moses* further demonstrate that *Kisor* did not explicitly or implicitly overrule *Stinson*.

Respectfully submitted,

s/ *Audrey Lynn Maness*
Audrey Lynn Maness
Assistant United States Attorney
Attorney for Appellee
1000 Louisiana, Suite 2300
Houston, Texas, 77002
(713) 567-9102

<u>CERTIFICATE OF SERVICE</u>

I certify that on March 4, 2022, a copy of the foregoing United States' Rule 28(j) Letter was served via notice of electronic filing with the Fifth Circuit CM/ECF upon Mr. Evan Gray Howze, attorney for Defendant-Appellant Andres Vargas.

<u>s/ *Audrey Lynn Maness*</u>
AUDREY LYNN MANESS