*FEDERAL PUBLIC DEFENDER*
*Southern District of Texas*
Lyric Office Centre
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1669

| | |
|---|---|
| **FEDERAL PUBLIC DEFENDER:** MARJORIE A. MEYERS | **Telephone:** 713.718.4600 |
| **FIRST ASSISTANT:** MICHAEL L. HERMAN | **Fax:** 713.718.4610 |

March 9, 2022

Mr. Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, Louisiana 70130

**Re: *United States v. Andres Vargas*, No. 21-20140; Rule 28(j) Letter**

Dear Mr. Cayce:

At oral argument, counsel for both parties referred to the government's response to a petition for rehearing *en banc* in *United States v. Moses*, 23 F.4th 347 (4th Cir. 2022), noting that the response reflected the United States' most recent explication of its position on the extent to which *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), applies to Sentencing Guidelines commentary. *See* United States' Response to Petition for Rehearing En Banc, *United States v. Moses*, No. 21-4067 (4th Cir. Mar. 3, 2022), ECF No. 45 (*Moses* Response). Mr. Vargas submits this letter to highlight the exact language of the relevant portions of the response.

In restating the case, the government summarized the position it took with respect to *Kisor* in its panel briefing, explaining, "The government acknowledged that *Stinson* deference is an application of *Auer* deference and that *Kisor* held it only applies when a regulation is 'genuinely ambiguous.'" *Moses* Response 6. The government further noted that, "This position is consistent with the position [it] ha[s] taken before the Supreme Court"—i.e., "'that *Kisor* sets forth the authoritative standards for determining whether particular commentary is entitled to deference.'" *Id.* at 6 n.2 (quoting Brief in Opposition to Certiorari, *Tabb v. United States*, No. 20-579, 2021 WL 675115, at *10 (Feb. 16, 2021)).

In the argument section, the government "agree[d] that the [*Moses*] panel decision conflicts with some of the reasoning in [*United States v. Campbell*, 22 F.4th 438, 444-48 (4th Cir. 2022)],"[1] *id.* at 8, and represented that, "If th[e] issue were briefed before the panel, [it] would have argued that *Campbell*'s application of *Kisor* to the guidelines was binding." *Id.* The government accordingly urged that panel, not *en banc*, rehearing was appropriate so that the *Moses* panel could take stock of *Campbell*. *Id.* at 10-15. In doing so, the government reiterated its position that "*Kisor* applies in the guidelines context and governs how much deference the commentary receives." *Id.* at 11.

Sincerely,

s/ *Evan G. Howze*
Evan G. Howze
Assistant Federal Public Defender
Counsel for Appellant

## CERTIFICATE OF SERVICE

I certify that on March 9, 2022, this Rule 28(j) letter was served upon counsel for appellee, Assistant United States Attorney Audrey Lynn Maness, via electronic filing.

s/ *Evan G. Howze*
Evan G. Howze

---

[1] *Campbell* decided the deference question presented in this case in Mr. Vargas's favor. *See* January 11 Rule 28(j) Letter 1-2.